**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSEPH H. MURPHY,**

            **Appellant,**

-vs-                                        Case No.  6:06-cv-1276-Orl-31JGG

**ESTATE OF SANDRA C. FISCHER,**
**BARBARA GEIGER and CHARLES**
**FISCHER,**

            **Appellee.**
_____/

## ORDER

The Appellant, Joseph H. Murphy ("Murphy"), is a disbarred attorney. The Appellees obtained judgments against Murphy in the early 1990s for actions he took as personal representative of the estate of the parents of Sandra C. Fischer and Barbara Geiger. Murphy sought bankruptcy protection in March 2005. In June 2005 the Appellees filed an adversary proceeding to have the debts declared nondischargeable. Murphy then filed a voluminous response and counterclaim of seven counts, alleging fraud and other misdeeds relating to the earlier probate proceeding. The Appellees reconsidered the wisdom of litigating the dischargeability issue in this no-asset case, and they dismissed their claim.

On February 21, 2006, the Appellees sought to have the Bankruptcy Court strike Murphy's counterclaim and impose sanctions. Instead, on March 6, 2006, the Bankruptcy Court opted to

abstain from exercising jurisdiction over the counterclaim pursuant to Section 1334(c)(1) of the Bankruptcy Code[1] and dismissed it. (Doc. 1-4).

Murphy appeals both the order abstaining from the exercise of jurisdiction and a subsequent order denying his motion for rehearing (Doc. 1-5). Murphy makes various arguments that the Bankruptcy Court's orders were erroneous, complaining that no motion to dismiss had been filed, no hearing was held, and his motion for rehearing was not granted despite being uncontested. (Doc. 7 at 6-7). Although he cites a number of Bankruptcy Rules and cases that allegedly support his arguments, none of them are particularly relevant and none of them preclude the Bankruptcy Court from *sua sponte* declining to exercise jurisdiction over his counterclaim. In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Bankruptcy Court orders at issue are **AFFIRMED**. All pending motions are **DENIED AS MOOT**, and the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 25, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1334 endows the district courts with jurisdiction over bankruptcy cases. 28 U.S.C. § 1334(c)(1) provides in pertinent part that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."